UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

McKAY M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5085-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing his testimony and certain medical opinions, and in rejecting lay testimony. (Dkt. # 29 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1977, has a high school diploma, and his previous jobs include military chemical operations specialist, machinist, and tool pricing coordinator. AR at 232, 272-81. Plaintiff was last gainfully employed in September 2016. *Id*. at 232.

ORDER - 1

In January 2018, Plaintiff applied for benefits, alleging disability as of May 17, 2010.[1] AR at 208-09. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 103-05, 111-13, 127-28. After the ALJ conducted hearings in January and June 2019 (*id*. at 38-66, 839-77), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 21-33.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

> Step one: Plaintiff has not engaged in substantial gainful activity between the time of his alleged onset date and his date last insured ("DLI") of December 31, 2018.
>
> Step two: Through the DLI, Plaintiff had the following severe impairments: depression, anxiety, trauma disorder, obesity, sleep apnea, spine disorder, and osteoarthritis.
>
> Step three: Through the DLI, these impairments did not meet or equal the requirements of a listed impairment.[3]
>
> Residual Functional Capacity ("RFC"): Through the DLI, Plaintiff can perform light work with additional limitations: he can stand and walk for six hours; can sit for six hours; can occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; and can occasionally balance, stoop, kneel, crouch, and crawl. He is limited to simple, routine work, in a workplace with no more than occasional workplace changes. He can have occasional contact with supervisors, and occasional superficial contact with co-workers, with no teamwork. He can have brief, superficial contact with the public.
>
> Step four: There was insufficient evidence for the ALJ to make a finding at step four.
>
> Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff could perform through the DLI, Plaintiff is not disabled.

AR at 21-33.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court.

---

[1] At the administrative hearing, Plaintiff amended his alleged onset date to January 30, 2017. *See* AR at 64.
[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

## III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

## IV.     DISCUSSION

### A.     The ALJ Did Not Harmfully Err in Assessing Medical Opinion Evidence

The ALJ found that the opinions of consultative examiners Kathleen Mayers, Ph.D., and Gary Gaffield, D.O., were unpersuasive, and Plaintiff challenges the ALJ's rationale. The Court will discuss each disputed opinion in turn.

1.      *Legal Standards*[4]

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under these regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[5] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single

---

[4] Plaintiff devotes a significant portion of his brief to challenging the new regulatory regime, contending that the court-made standards that existed before the regulatory change created a hierarchy of medical opinions that cannot be eliminated via regulatory amendment. (Dkt. # 29 at 4-11; dkt. # 34 at 1-5.) This argument need not be resolved in this case because both of the medical opinions challenged by Plaintiff were written by examining providers and there are no opinions in the record written by treating sources, and therefore the hierarchy of medical evidence is not at issue in this case, even assuming it still applies.

[5] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id*. at (b)(1).

## 2. *Dr. Mayers' Opinion*

Dr. Mayers examined Plaintiff in June 2018 and wrote a narrative report describing his symptoms and limitations. AR at 717-24. Dr. Mayers' medical source statement reads as follows:

> The claimant is a 40-year old male who reports that he has experienced many medical problems, emotional problems, and also decreases in his memory as a result of his time in the military and specifically, in Iraq. He indicated that he does not interact much with others, and he had to be asked specifically if he interacts with his children after school, and did not spontaneously mention the time he spends with his children. As he presented himself, he may not be able to interact effectively with others in a work situation, and he described himself as withdrawn and isolative. [Mental status examination], evaluation, and test results indicated that he is able to perform three-stage tasks; his concentration was average for the three-stage tasks. His vocabulary and fund of knowledge were generally average. His abstract thinking skills, comprehension, and insight were fair for the tasks presented. His math skills were also fair. On memory testing, his memory skills were fair, with his memory indices ranging from the low range to the low average range.
>
> It was not apparent whether he made the best possible effort on the evaluation, but it is of note that his interactions with Dr. Judge of the V.A. were very different than his interaction with me. With Dr. Judge, he tended to deny features of PTSD, presented himself as functioning fairly well, and this is not at all how he presented for the current evaluation. Based on the claimant's inconsistency, I am not able to diagnose PTSD.

*Id*. at 723-24.

The ALJ summarized Dr. Mayers' conclusions, and explained that she found them not persuasive because Dr. Mayers' conclusions were unsupported by and inconsistent with examinations results or other evidence, namely the mental status examinations performed by Plaintiff's treating doctor, and because Dr. Mayers herself noted inconsistencies between Plaintiff's presentation to her and to his treating physician. AR at 29. This explanation is supported by substantial evidence: Dr. Mayers' mental status examination was generally normal

or average other than for memory, and, as the ALJ outlined earlier in the decision (*id*. at 27-28), Plaintiff's treating physician repeatedly indicated normal mental status examination findings, which contradict any suggestion of disabling mental impairments. Furthermore, Dr. Mayers herself noted inconsistencies in Plaintiff's presentation and questioned whether he put forth full effort during the evaluation. *Id*. at 720-24. These reasons adequately explain why the ALJ found Dr. Mayers' opinion to be inconsistent with the record and unsupported, and therefore unpersuasive.

### 3. *Dr. Gaffield's Opinion*

Dr. Gaffield examined Plaintiff in June 2018 and wrote a narrative report concluding that Plaintiff had no physical restrictions, but due to his reported hearing loss he should avoid situations where he would need to rely upon sound signals or vocal commands for safety or performance. AR at 710-16. The ALJ found Dr. Gaffield's opinion unpersuasive because the treatment record showed that Plaintiff had postural and exertional limitations, which were accommodated in the RFC assessment. *Id*. at 29. The ALJ also noted that Dr. Gaffield only examined Plaintiff one time. *Id*.

Plaintiff argues that the ALJ erred in relying on the fact that Dr. Gaffield examined Plaintiff only once as a reason to find the opinion unpersuasive, because this factor is irrelevant under the new regulations. (Dkt. # 29 at 13-14.) On the contrary: the extent of a provider's relationship with a claimant is explicitly referenced as a factor pertaining to persuasiveness. *See* 20 C.F.R. § 404.1520c(c)(3). Thus, Plaintiff has not shown that the ALJ's findings were erroneous on this ground.

Plaintiff goes on to argue that the ALJ erred in failing to include the hearing limitations that Dr. Gaffield mentioned in the RFC assessment. *See* AR at 25. The Commissioner argues that

any error is harmless because two of the three jobs relied upon at step five do not require any hearing, and those jobs exist in significant numbers. *See id*. at 32; Dictionary of Occupational Titles ("DOT") 222.687-022, 1991 WL 672133 (routing clerk); DOT 209.587-034, 1991 WL 671802 (labeler).[6] Although Plaintiff suggests that the Commissioner here invites the Court to usurp the role of the vocational expert (dkt. # 34 at 7), the Court disagrees with this characterization: courts routinely look to DOT job definitions to determine whether the erroneous omission of an RFC limitation is harmful. *See, e.g.*, *Simmons v. Colvin*, 639 Fed. Appx. 446, 447 (9th Cir. Apr. 25, 2016); *Andrea A. v. Saul*, 2020 WL 5961088, at *3-4 (C.D. Cal. Oct. 8, 2020); *Lester v. Berryhill*, 2017 WL 3610543, at *3 (D. Mont. Aug. 22, 2017); *Moore v. Colvin*, 2015 WL 9319461, at *9 (E.D. Cal. Dec. 23, 2015). Because Dr. Gaffield's hearing limitation is compatible with two of the three step-five jobs, which each exist in significant numbers, the Court finds that the ALJ's erroneous omission of the hearing limitation was harmless.

### B. The ALJ Provided Sufficient Reasons to Discount Plaintiff's Testimony

The ALJ found that Plaintiff's subjective complaints were not entirely consistent with the record. AR at 26-28. According to Plaintiff, the ALJ failed to provide clear and convincing reasons to discount his testimony, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The ALJ found that Plaintiff's symptoms were "stable" during the adjudicated period even during periods when Plaintiff was not taking psychotropic medication, citing generally normal mental status examinations and treatment notes referencing improvement of Plaintiff's

---

[6] The third job, price marker, requires hearing up to one-third of a workday, and thus could be inconsistent with the hearing limitations described by Dr. Gaffield. *See* DOT 920.687-126, 1991 WL 687992.

ORDER - 7

depression symptoms. AR at 27-28 (citing *id*. at 350-51, 353, 356-57, 546-47, 746-47, 789, 793, 817-19). The normal findings and evidence of improvement are inconsistent with Plaintiff's allegations of disabling mental symptoms, and thus support the ALJ's assessment of Plaintiff's testimony. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

The ALJ also mentioned Plaintiff's daily activities (such as caring for his three children as a single parent, making home repairs, taking his kids target shooting), but these activities are not reasonably inconsistent with his allegations. *See* AR at 26 (ALJ's summary of Plaintiff's allegations). To the extent the ALJ intended to discount Plaintiff's testimony based on his activities, the ALJ failed to show that Plaintiff's activities are reasonably inconsistent with his testimony and thus this line of reasoning fails. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine a claimant's testimony where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). The error is harmless, however, in light of the valid independent basis for discount Plaintiff's testimony, discussed *supra*. *See Carmickle*, 533 F.3d at 1162-63.

**C.     The ALJ Erred in Failing to Provide Reasons to Discount Lay Testimony**

The ALJ summarized hearing testimony provided by Plaintiff's family members, and indicated that new regulations did not require her to consider the lay statements using the requirements for medical opinions. AR at 30-31. That may be true, but an ALJ must nonetheless consider all significant, probative evidence and, in the Ninth Circuit, provide germane reasons to discount lay evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

The Commissioner does not dispute that the ALJ erred in failing to provide any reason to discount the lay statements, but argues that the error was harmless because the lay testimony was similar to Plaintiff's own testimony, and thus the ALJ's reasons to discount Plaintiff's testimony applies with equal force to the lay testimony. (Dkt. # 33 at 17.) On reply, Plaintiff highlighted the similarity between the lay statements and his testimony, as well as the opinions of Drs. Mayers and Gaffield. (Dkt. # 34 at 9.) The Court agrees that the lay testimony was similar to Plaintiff's testimony, but because the ALJ provided legally sufficient reasons to discount Plaintiff's testimony, that reasoning applies equally to the lay testimony. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Accordingly, Plaintiff has not shown that the ALJ's error with respect to the lay testimony was harmful.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 15th day of January, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge